UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDMOND J. RESTIVO, JR. | CIVIL ACTION |
| VERSUS | NO. 06-32 |
| HANGER PROSTHETICS & ORTHOTICS, INC. | SECTION "K" (2) |

## ORDER ON MOTIONS

APPEARANCES: None (on the briefs)

MOTIONS: (1) Hanger's Motion to Compel Responses to Discovery, Record Doc. No. 34; (2) Hanger's Motion to File Sealed Expert Report and for Extension of Time to File Additional Report, Record Doc. No. 25

O R D E R E D:

 (1) : GRANTED, subject to the protective order contained herein. This motion seeks responses to defendant's Requests for Production No. 4 and 11 (which were included as parts of defendant's Interrogatory No. 4). The only objection to these requests contained in the written responses was that each "seeks information that is privileged pursuant to the Health Insurance Portability and Accountability Act ("HIPPA")." No other objections were asserted. Thus, the additional objections raised by Restivo and Limbcare in their opposition memorandum, Record Doc. No. 40, have been waived. Fed. R. Civ. P. 33(b)(4); Poulos v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir. 1992) Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10, 12-13 (1st Cir. 1991); In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989) ("We readily agree with the district court that as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.").

The objections are overruled. The materials, all in the possession of parties, are highly relevant to the claims and defenses asserted in the case. For the reasons more fully set forth in United States ex rel Stewart v. The Louisiana Clinic, 2002 WL 318191130 (E.D. La. Dec. 12, 2002), neither HIPPA nor Louisiana law creates any privilege that prohibits discovery of the requested patient information under the circumstances presented in this case, if an appropriate protective order accompanies the court's production order. Thus, no later than **April 5, 2007**, Restivo and Limbcare must produce materials responsive to Requests for Production No. 4 and 11, but only subject to the following protective order.

**IT IS ORDERED** that all records produced pursuant to this order must be marked and kept confidential and used only for purposes of this litigation and must not be disclosed to any one except parties to this litigation, the parties' counsel of record and experts retained in connection with this litigation. All persons to whom such information is disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of the protective order and submitting to the jurisdiction of this court for enforcement of those terms. At the conclusion of this case, all such materials, including copies, must be returned to Restivo and Limbcare by all parties to whom production has been made or all such materials must be destroyed, as the parties may subsequently agree in writing. Before any such materials are filed in the record of this court, counsel and the parties must redact from the materials all personal data identifiers, including social security numbers, names of minor children, dates of birth and financial account numbers, in accordance with this court's general order of April 9, 2003. If any party seeks to add other terms to this protective order, counsel must confer immediately and submit by motion any proposed protective order.

(2) : GRANTED IN PART AND DENIED IN PART, as follows. I note initially that no written memorandum in opposition to this motion has been filed as required by Local Rule 7.5E. Thus, the motion is deemed unopposed. The motion is granted in that the expert report of Jeff Lutz, which defendant states contains confidential and proprietary information, is subject to the same protective order set forth above. The motion is also granted in that defendant is permitted an extension of time through and including April 14, 2007 to supplement the report of Lutz or any other expert who has already timely submitted an expert's report under the court's scheduling order, solely to address additional discovery materials, the production of which is the subject of this order. The motion is denied, however, to the extent it seeks a blanket order permitting the late filing of reports of experts who have not already filed some sort of report. A request for the late filing of the report of some other expert must be the subject of a separate motion, showing good cause under Fed. R. Civ. P. 16 as to that expert. The motion is also denied to the extent it seeks an order requiring that anything be filed under seal in the record of this court. Any request to file materials under seal must comply with the court's general order of July 26, 2006, which is located on the court's website.

New Orleans, Louisiana, this 21st day of March, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE