UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EDMUND J. RESTIVO, JR.**                                   **CIVIL ACTION**

**VERSUS**                                                   **NO: 06-32**

**HANGER PROSTHETICS & ORTHOTICS, INC.**                     **SECTION: "K"(2)**

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Exclude Expert Reports (Rec.Doc.No. 59), wherein Plaintiff contends that all experts should be excluded from testifying as Defendant Hanger has not submitted experts reports timely. Expert reports were due to be exchanged on February 26, 2007. Magistrate Judge Wilkinson modified this ruling writing:

> Defendant is permitted an extension of time through and including April 14, 2007 to supplement the report of Lutz or any other expert who has already timely submitted an expert's report under the court's scheduling order, solely to address additional discovery materials, the production of which is the subject of this order. The motion is denied, however, to the extent it seeks a blanket order permitting the late filing of reports of experts who have not already filed some sort of report. A request for the late filing of the report of some other expert must be the subject of a separate motion, showing good cause under Fed. R. Civ. P. 16 as to that expert.

*See* Order, at p. 2 (Rec.Doc.No. 63).

The only alleged expert opinions that have been filed by Hanger are those given by Mr. Lutz regarding valuation of future lost profits. There is an affidavit on record filed as an attachment on April 3, 2007, indicating Mr. Lutz had incomplete data to calculate damages. Also, there is the deposition of Mr. Lutz filed on March 28, 2007, as an attachment to the

opposition the Restivo's second motion for summary judgment. There is no expert report rendering Mr. Lutz's opinion or establishing his qualifications.

Mr. Keller is also offered to give testimony as to future lost profits and revenues. The expert report is not part of the record and Plaintiff's counsel has indicated that he has not seen this report.

Mr. Schlesinger also is supposed to testify as an expert regarding the confidentiality and trade secret nature of some Hanger's data as well as to the damages sustained by Hanger. There is no expert report detailing Mr. Schlesinger's qualifications or opinions on record and Plaintiff's counsel has indicated that he has not received Mr. Schlesinger's report.

Mr. George is an employee of Hanger. He is supposed to give expert testimony regarding lost profits and revenues. Plaintiff's counsel has not received Mr. George's report detailing his qualifications or opinions.

Dr. Page is a member of the Tulane Business School. He is anticipated to be offered as an expert in accounting and economics, and will testify as to the future lost profits and revenues. Plaintiff's counsel has not received Dr. Page's report detailing his qualifications or opinions.

Thus, Hanger has not exchanged any reports whatsoever and has not requested an extension of deadlines with regard to the witnesses other than Dr. Lutz.

The Court cannot rule on Mr. Lutz because it doesn't have the report as supplemented. This would be due on April 14, 2007, per the Magistrate's order. At that time, the Court will address whether he is qualified. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Exclude Expert Witnesses (Rec.Doc.No. 59) is hereby **GRANTED**, except as the motion pertains to Mr. Lutz, which the Court will address when his report is submitted to the Court per Magistrate Wilkinson's order.

New Orleans, Louisiana, on this  11th  day of April, 2007.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**